IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JIMMY L. BROWN                                                                                            PLAINTIFF

v.                                    Civil No. 4:21-cv-04040

THE WAL-MART COMPANY, INC. et al.                                                       DEFENDANTS

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before this Court is Plaintiff Jimmy L. Brown's ("Brown") Motion for Service. ECF No. 2. Brown filed the current *pro se* Complaint against eleven different Defendants. ECF No. 1. In his Complaint, Brown included ninety (90) pages of commentary involving his interaction with the Wal-Mart stores and his perception that he was treated inappropriately. *See id.* As he stated in this Complaint, "a person is presumed innocent of a crime until proven guilty of that crime, but when a person shops at Wal-Mart stores, that person is presumed guilty of shoplifting until proven innocent of that crime." *Id.* at 2. Brown has requested to proceed *in forma pauperis*. ECF No. 2.

After reviewing that Complaint, the Court granted Brown's request for *in forma pauperis* status but determined additional clarification was necessary and directed Brown to file an Amended Complaint. ECF No. 4. On July 7, 2021, Brown timely filed his Amended Complaint. ECF No. 5. In this Amended Complaint, Brown outlines his claims in twenty-six (26) pages and again criticizes the conduct of Wal-Mart stores. *See id.* Brown seeks "compensatory and punitive damages of fifty (50) *million* dollars" for their "willful and reckless" behavior. *Id.* at 26.

As a part of his Amended Complaint, Brown alleges Defendants are a "general merchandise retail sales company action" and he states a claim "for the purposes of § 1983." ECF

1

No. 5 at 2. This is the only potential basis for jurisdiction Brown has supplied.[1] Presumably, Brown is claiming Wal-Mart stores violated 42 U.S.C. § 1983.

Under that provision, however, a cause of action is only created "against a person acting 'under color of any statute . . . of any State' who deprives another of a federally protected right." *Carlson v. Roetzel & Andress,* 552 F.3d 648, 650 (8th Cir. 2008). It is also well-established law that "[o]nly state actors can be held liable under Section 1983." *Id.* (internal citation and quotations omitted). Clearly Wal-Mart and its employees are not state actors but are private parties. Brown does not even claim they are state actors. Thus, the provisions of 42 U.S.C. § 1983 do not supply a basis for relief.

As an action proceeding *in forma pauperis,* this Court has the responsibility to screen Brown's claims. *See* 28 U.S.C. § 1915(e)(2)(B). Because the Court finds there is no basis for jurisdiction, Brown "fails to state a claim on which relief may be granted," and this case should be **DISMISSED**.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.** *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED** this **8th day of July 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

---

[1] Brown also references 28 U.S.C. § 1343. This provision grants civil remedies for conspiracies to interfere with civil rights, such as the right to vote, and does not apply here.

2