IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JIMMY L. BROWN                                                                                           PLAINTIFF

v.                                         Civil No. 4:21-cv-4040

THE WAL-MART COMPANY, INC. *et. al.*                                                    DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed July 26, 2021, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 6). Plaintiff brought the instant lawsuit alleging that his constitutional rights were violated when Walmart employees refused to allow Plaintiff to leave Walmart with certain items without producing a receipt. Plaintiff was allowed to proceed *in forma pauperis*, and the case was referred to Judge Bryant for screening pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's Complaint alleges multiple incidents where Plaintiff was confronted by Walmart employees while attempting to exit the store. In each incident, Plaintiff alleges that he was prevented from exiting a Walmart store with items he had purchased unless he produced a receipt showing he had indeed purchased those items. In one incident, Hope Police Officer Angela Gammage was called to the scene and allegedly threatened to arrest Plaintiff if he failed to produce his receipt and ID. Plaintiff brought this lawsuit against Walmart, multiple Walmart employees, and Officer Gammage in her individual and official capacities, alleging that their actions violated his constitutional rights. As Judge Bryant found in his Report and Recommendation, it appears that Plaintiff's claims presumably arise under 42 U.S.C. § 1983.

Judge Bryant recommends that Plaintiff's Complaint be dismissed in its entirety because he has failed to allege that any state actor violated his constitutional rights. *See Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008) ("Only state actors can be held liable under Section 1983."). Plaintiff filed objections to the Report and Recommendation, arguing that his claims against Officer Gammage should not be dismissed because Officer Gammage is a state actor. (ECF No. 7). Plaintiff also argues that Walmart and its employees should not be dismissed because Congress must have made laws which apply to private companies and its employees. Plaintiff does not identify any law or authority upon which his objection is based.

The Court declines to adopt the Report and Recommendation with respect to Officer Gammage. Officer Gammage is a government actor and the allegations in the Complaint state that she was acting under the color of state law during her interaction with Plaintiff. This precludes the Court from dismissing Plaintiff's section 1983 claims against Officer Gammage based solely on the grounds that the Complaint fails to identify a state actor. The Court makes no further findings regarding the viability of Plaintiff's claims against Officer Gammage. Instead, the Court will recommit this matter to Judge Bryant to determine whether the Complaint alleges facts sufficient to pursue a section 1983 claim against Officer Gammage for her actions taken under the color of state law. *See* 28 U.S.C. § 636(b).

The Court adopts the Report and Recommendation as it applies to Walmart and its employees. Each claim in Plaintiff's Complaint seeks damages resulting from an alleged constitutional violation. As stated above, only state actors can be held liable in a section 1983 action. Plaintiff's objections fail to identify any statute or authority upon which Walmart, or its employees might be held liable for the constitutional violations alleged. Accordingly, Walmart

and its employees cannot be held liable for any constitutional violations which give rise to a section 1983 claim because neither are state actors.

Based on the forgoing, the Court adopts the Report and Recommendation (ECF No. 6) **IN PART**. The Court adopts the Report and Recommendation in that Plaintiff's Complaint is hereby **DISMISSED** with respect to all claims made against Walmart and its employees. The Court declines to adopt the Report and Recommendation as it relates to Officer Gammage. The Court **RECOMMITS** Plaintiff's Complaint to Judge Bryant to determine whether the Complaint may proceed against Officer Gammage as a state actor.

**IT IS SO ORDERED**, this 4th day of January, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge