IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JIMMY L. BROWN                                                                                   PLAINTIFF

v.                                        Civil No. 4:21-cv-04040

ANGELA GAMMAGE                                                                         DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the Court is Defendant Angela Gammage's Motion to Dismiss Plaintiff's Amended Complaint for Insufficient Service of Process and Failure to State a Claim. ECF No. 17. Plaintiff, who is proceeding *pro se*, has not responded to this Motion, but he has filed a separate motion (ECF No. 19).

Because the issues raised in Plaintiff's separate motion are the same issues Defendant Gammage has raised in her Motion, the Court will consider Plaintiff's motion as a response to the current Motion. Defendant Gammage's Motion has been referred to the undersigned, and it is now ripe for consideration. Considering this Motion (ECF No. 17); and based upon the foregoing, the Court finds it should be **GRANTED**.

1. **Background:**

On July 7, 2021, Plaintiff filed a *pro se* Amended Complaint against a number of Defendants, including Defendant Angela Gammage. ECF No. 5. This lawsuit was filed pursuant to 42 U.S.C. § 1983. Based upon this Amended Complaint, Plaintiff alleges the following facts:

a. On November 23, 2018, Plaintiff, while shopping at Walmart, was asked but refused to provide a receipt to Walmart employees for goods he had in his possession. Such a failure to provide a receipt upon request was a purported violation of Walmart's policy. Plaintiff requested that Walmart contact the police, and they did so.

b. In response to Plaintiff's request that the police be contacted, Defendant Gammage arrived on the scene and asked Plaintiff to show the Walmart employees his receipt. Defendant Gammage told Plaintiff that if he did not show the Walmart employees his receipt, he could be arrested for shoplifting. Defendant Gammage asked Plaintiff for his identification to verify his identity. Defendant Gammage informed Plaintiff that she could arrest him for obstruction of governmental operations if he continued to refuse to provide his identification.

c. Ultimately, Plaintiff provided his receipt to a Walmart employee and his identification to Defendant Gammage. Defendant Gammage inquired as to whether Plaintiff had any warrants for his arrest. Thereafter, the receipt and identification were given back to Plaintiff, and Plaintiff left Walmart.

The Court interprets the Amended Complaint to allege Defendant Gammage unlawfully seized Plaintiff, requested his identification, and checked for warrants for his arrest.

After Plaintiff's Amended Complaint was filed, all non-state actors were dismissed from this lawsuit and only the claims against Defendant Angela Gammage remained. ECF No. 8. According to Plaintiff's Amended Complaint, Defendant Gammage was an officer with the Hope Police Department. *See* ECF No. 5. As such, she was a state actor and claims against her could proceed under 42 U.S.C. § 1983.

On January 31, 2022, the U.S. Marshal's Office served Defendant Gammage. ECF No. 20. Once served, Defendant Gammage filed the current Motion to Dismiss Plaintiff's Amended Complaint for Insufficient Service of Process and Failure to State a Claim. ECF No. 17. With this Motion, Defendant Gammage claims she and her employer were not served in accordance with Rule 4 of the Federal Rules of Civil Procedure, and she alleges Plaintiff has failed to state a claim upon which relief can be granted. *Id.* Specifically, Defendant Gammage claims she is entitled to

qualified immunity; she claims no Fourth Amendment violation occurred; and she claims Plaintiff improperly failed to allege the City of Hope was liable such that his official capacity claim would be cognizable. Based upon these facts, she claims this case must be dismissed.

2. **Applicable Law:**

To survive a motion to dismiss for failure to state a claim, "the complaint must include sufficient factual allegations to provide the grounds on which the claim rests." *Drobnak v. Andersen Corp.*, 561 F.3d 778, 783 (8th Cir. 2009) (*citing Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007)). The stated claim for relief must be "plausible on its face." *Twombly,* 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

While the Court must accept the factual allegations in the complaint as true and construe them in favor of the plaintiff, the Court must not "presume the truth of legal conclusions crouch as factual allegations." *Id.; See also Wiles v. Capitol Indem. Corp.,* 280 F.3d 868, 870 (8th Cir. 2002) ("[T]he court is free to ignore legal conclusions, unsupported allegations, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations."). In short, "the pleading standard that Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678 (*quoting Twombly,* 550 U.S. at 555).

3. **Discussion:**

With the present Motion, Defendant Gammage argues Plaintiff's claims should be dismissed for several reasons, including her allegation that she is entitled to qualified immunity. ECF No. 18 at 5-6. In his response (labeled as a "motion"), Plaintiff argues his "Complaint does

state a claim. I am praying that the Court will consider earnestly, with all deliberate speed, the statements that are in my Complaint." ECF No. 19 at 1. Plaintiff does not directly address the issue of Defendant Gammage's claim to qualified immunity. Upon review of this issue and based upon the following analysis, the Court finds Defendant Gammage is entitled to qualified immunity.

Notably, police officers are protected from § 1983 suits by the affirmative defense of qualified immunity. *See Malley v. Briggs,* 475 U.S. 335, 340 (1986); *Gomez v. Toledo,* 446 U.S. 635, 640 (1980) (explaining that qualified immunity is an affirmative defense). Qualified immunity shields police officers from lawsuits based on official conduct if reasonable officers in the same position could have believed their conduct was "lawful, in light of clearly established law and the information the . . . officer possessed" at the time. *See Waters v. Madson,* 921 F.3d 725, 735-736 (8th Cir. 2019) (*quoting Anderson v. Creighton,* 483 U.S. 635, 641 (1987)).

Importantly, because qualified immunity protects officers from suit, not merely from liability, courts should "resolv[e] immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant,* 502 U.S. 224, 227 (1991) (per curiam). Indeed, the Eighth Circuit has held that "[w]hen an official properly and timely files a motion for dismissal or for summary judgment asserting qualified immunity, the official is entitled to a ruling on the issue of qualified immunity. As such, the district court *must issue a reviewable ruling*—either granting or denying qualified immunity—*before requiring the officials to progress further in litigation at the district court.*" *Payne v. Britten,* 749 F.3d 697, 699 (8th Cir. 2014) (emphasis added).

To overcome qualified immunity, Plaintiff must allege (1) a violation of his statutory or constitutional rights, and (2) that "the right at issue was 'clearly established' at the time of [the] defendant's alleged misconduct." *Pearson v. Callahan,* 555 U.S. 223, 232 (2009). "Qualified immunity is appropriate only if no reasonable factfinder could answer yes to both of these

4

questions." *Hess v. Ables,* 714 F.3d 1048, 1051 (8th Cir. 2013) (citation omitted). Courts may analyze either of the qualified immunity prongs first. *See Pearson,* 555 U.S. at 236.

Here, based on the factual allegations Plaintiff has pled, Defendant is entitled to qualified immunity. The conduct of Defendant Gammage, as alleged, was entirely within the constitutional range of conduct permissible by a law enforcement officer in the situation described by Plaintiff. Defendant Gammage responded to a call by a citizen reporting a possible crime. Once on the scene, she requested Plaintiff's identification. She informed Plaintiff of the consequences of his failure to comply with her instructions. Plaintiff was not arrested. After his identity was confirmed and he produced a receipt for the goods he had in his possession, he was allowed to leave the premises. None of this conduct violated Plaintiff's constitutional rights.

Plaintiff has not demonstrated a violation of his statutory or constitutional rights; and even if such a violation had occurred, there has been no allegation at all that this right or these rights were "clearly established" at the time of Defendant Gammage's alleged conduct. Indeed, apart from his bare claim in this matter that his constitutional rights were violated, Plaintiff has supplied nothing more.

4. **Conclusion**:

Based upon the foregoing, the Court finds Defendant Gammage is entitled to qualified immunity. As such, the Court recommends Defendant Gammage's Motion to Dismiss Plaintiff's Amended Complaint for Insufficient Service of Process and Failure to State a Claim (ECF No. 17) be **GRANTED**. Because Defendant Gammage is the only remaining Defendant in this action, the Court also recommends that Plaintiff's case be **DISMISSED** with prejudice.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

**objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.** See *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED this 24th day of March 2022.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE